UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIE TYLER<br>CDCR #K-19763,<br><br>                              Plaintiff,<br><br>vs.<br><br>B. GOMEZ; LOPEZ;<br>E. RODRIGUEZ ,<br><br>                              Defendants. | Case No.:  3:22-cv-1906-DMS-DEB<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**2) DISMISSING CIVIL ACTION FOR FAILURE TO PAY THE FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

Claudie Tyler ("Plaintiff" or "Tyler"), currently incarcerated at the Richard J. Donovan State Prison ("RJD") located in San Diego, California, and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Compl., ECF No. 1. Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). ECF No. 2.

## I. Request to Proceed In Forma Pauperis

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether her action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce,* 577 U.S. at 84.

---

[1] For civil cases filed after December 1, 2020, the civil litigant bringing suit must pay the $350 statutory fee in addition to a $52 administrative fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The $52 administrative fee does not apply to persons granted leave to proceed IFP, however. *Id.*

In support of his request to proceed IFP, Plaintiff's prison certificate authorized by an RJD accounting official and a copy of his CDCR Inmate Statement Report has been submitted. *See* ECF No. 3; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These documents show that for the preceding six months, Plaintiff carried an average monthly balance of $2790.48 and average monthly deposits of $54.39 *See* ECF No. 3. The balance in Plaintiff's trust account as of December 2, 2022, was $2700.77. *Id.* at 1, 3. The Court finds that Plaintiff has not shown the indigence required to proceed IFP. Therefore, because Plaintiff is able to pay the filing fee in total, Plaintiff's Motion to Proceed IFP is **DENIED**.

## II. Conclusion and Order

1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2);

2) **DISMISSES** this action without prejudice for failure to pay the full statutory and administrative $402 civil filing fee required by 28 U.S.C. § 1914(a);

3) Plaintiff is granted thirty (30) days leave from the date this Order is "Filed" in which to pay the $402 initial civil filing fee.

**IT IS SO ORDERED**.

Dated: December 6, 2022

Hon. Dana M. Sabraw, Chief Judge
United States District Court