UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIE TYLER,<br>CDCR #K-19763<br><br>　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>B. GOMEZ;  LOPEZ;<br>E. RODRIGUEZ,<br><br>　　　　　　　　　　Defendants. | Case No.:  3:22-cv-1906-DMS-DEB<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A(b)** |

　　Plaintiff Claudie Tyler ("Plaintiff"), currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD"), filed this pro se civil rights action pursuant 42 U.S.C. Section 1983 alleging that numerous officials at RJD violated Plaintiff's Eighth Amendment rights from June 1, 2018 to November 1, 2022.  (*See generally* ECF No. 1, Compl.)

///

///

1

## I. Sua Sponte Screening pursuant to 28 U.S.C. Section 1915A(b)

### A. Standard of Review

The Court must conduct an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A(a), because he is a prisoner and seeks "redress from a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. § 1915A(a). Section 1915A(a) "mandates early review—' before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016). The mandatory screening provisions of § 1915A apply to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee. *See, e.g. Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000).

"On review, the court shall … dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (citing 28 U.S.C. § 1915A(b)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

### B. Plaintiff's Factual Allegations

Plaintiff contends that from June 1, 2018 to November 1, 2022, he worked as the "Porter in C12 building" at RJD. Compl. at 3. The position consisted of "trash detail, sweeping, mopping, cleaning the showers." *Id.* While in this job assignment, Plaintiff contends he performed the work of four people without help from "other workers." *Id.* Plaintiff alleges this was due to "racial discrimination and on-going favoritism" towards "Hispanic/Mexican inmates" by Defendant Gomez. *Id.* at 4. He further alleges that he has not received his wages from June 1, 2018 to November 19, 2022. *See id.*

Plaintiff seeks $250,000 in compensatory damages, $250,000 in punitive damages, and back pay. *See id.* at 9.

C. <u>Analysis</u>

To state a claim under 42 U.S.C. Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

While Plaintiff seeks to bring claims of racial discrimination under the Eighth Amendment, these claims are best analyzed under the equal protection clause of the Fourteenth Amendment, which "commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To allege a claim of racial discrimination in violation of the equal protection clause, Plaintiff must allege that Defendants "acted in a discriminatory manner and that the discrimination was intentional." *FDIC v. Henderson*, 940 F.2d 465, 471 (9th Cir. 1991) (citations omitted). "In order to state a § 1983 claim based on a violation of the equal protection clause of the Fourteenth Amendment, a plaintiff must establish that defendants acted with intentional discrimination against a class of inmates which includes plaintiff." *Parker v. Kramer*, No. CVF025117 AWIDLBP, 2005 WL 1343853, at *6 (E.D. Cal. Apr. 28, 2005) (citing *Lowe v. City of Monrovia*, 775 F.2d 998, 1010 (9th Cir. 1985); *Henderson*, 940 F.2d at 471)).

Plaintiff's racial discrimination claims fail because he has not alleged sufficient "factual content that allows the court to draw the reasonable inference that [Defendants are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiff's Complaint lacks sufficient specific factual allegations, instead it contains of nothing more than "'labels and conclusions'" and "'naked assertion[s]' devoid of 'further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). For instance, Plaintiff alleges that Defendants "showed favoritism and abuse of authority" when he was required to "perform[] all work duties without any assistance of other workers." (Compl.

at 3.) Here, while Plaintiff also contends that Mexican inmates "do not clean the building," he also claims he had to "perform the entire job assignment without any help." (*Id.* at 4.) Plaintiff's claims are that he was the only one to perform the cleaning without any help from *any* inmate which would include inmates of his own race. His claims that Defendants showed "favoritism" over an approximately four-year period without providing specific factual allegations fall short of alleging a plausible claim of racial discrimination. The Court finds that Plaintiff does not allege specific factual allegations to support a claim that there was any discrimination or difference in treatment that was intentional or based on race. Instead, his claims merely show that he is alleging that he had to do more work than *any* other inmate in the facility. As a result, Plaintiff's claim of racial discrimination must be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A.

To the extent that Plaintiff seeks back pay for a four-year period he was assigned a prison job, he has failed to state a claim. The "Due Process Clause does not create a property or liberty interest in prison employment." *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004) (quoting *Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir. 1986)); *Bravot v. Cal. Dep't of Corr.*, No. 05-cv-0113-FCD-GGH, 2006 WL 47398, at *4 (E.D. Cal. Jan. 9, 2006) ("Since plaintiff does not have a constitutional right to a prison job, much less to a particular job, he is not entitled to due process procedural protections prior to being deprived of his work, nor is he constitutionally entitled to any back wages for the loss of that job nor to reinstatement in his old position, which reinstatement he has nevertheless apparently attained at this point."). Therefore, Plaintiff has failed to state a due process claim for his prison wages. *See* 28 U.S.C. § 1915A.

D.    Leave to Amend

In light of Plaintiff's pro se status, the Court grants him leave to amend his pleading to attempt to sufficiently allege a § 1983 claim if he can and if he wishes to attempt to do so. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)]

unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

### III.   Conclusion and Orders

Good cause appearing, the Court:

1. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. Section 1915A(b)(1).

2. **GRANTS** Plaintiff **forty-five (45)** days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading.  Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived.  See S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. Section 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment.  See *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated:  January 20, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court