UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIE TYLER,<br>CDCR #K-19763<br><br>                              Plaintiff,<br><br>vs.<br><br>B. GOMEZ;  LOPEZ;<br>E. RODRIGUEZ,<br><br>                              Defendants. | Case No.:  3:22-cv-1906-DMS-DEB<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A(b)** |

**I.     Procedural History**

On December 1, 2022, Plaintiff Claudie Tyler ("Plaintiff"), currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD"), filed this pro se civil rights action pursuant 42 U.S.C. Section 1983 alleging that numerous officials at RJD violated Plaintiff's Eighth Amendment rights from June 1, 2018 to November 1, 2022.  *See generally* ECF No. 1, Compl.

/ / /

Plaintiff prepaid the initial civil riling fee on January 13, 2023. *See* ECF No. 8. Thus, the Court conducted the required sua sponte screening of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A and found that Plaintiff had failed to state a claim upon which relief could be granted. *See* ECF No. 9, Order Dismissing Complaint dated Jan. 20, 2023. However, the Court granted leave to file an amended complaint in order to correct the deficiencies of pleading identified in the Court's Order. *See id.* at 5. On February 7, 2023, Plaintiff filed his First Amended Complaint ("FAC"). *See* ECF No. 10.

## I. Sua Sponte Screening pursuant to 28 U.S.C. Section 1915A(b)

### A. Standard of Review

As the Court explained in the January 20, 2023 Order, the Court must conduct an initial review of Plaintiff's FAC pursuant to 28 U.S.C. § 1915A(a), because he is a prisoner and seeks "redress from a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. § 1915A(a). Section 1915A(a) "mandates early review—' before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016). The mandatory screening provisions of § 1915A apply to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee. *See, e.g. Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000).

"On review, the court shall … dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (citing 28 U.S.C. § 1915A(b)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

B. Plaintiff's FAC

Plaintiff's FAC contains no specific factual allegations or any allegations addressing how Defendants purportedly violated Plaintiff's constitutional rights. In his original Complaint Plaintiff alleged that from June 1, 2018 to November 1, 2022, he worked as the "Porter in C12 building" at RJD. ECF No. 1, Compl. at 3. The position consisted of "trash detail, sweeping, mopping, cleaning the showers." *Id.* While in this job assignment, Plaintiff contends he performed the work of four people without help from "other workers." *Id.* Plaintiff alleges this was due to "racial discrimination and on-going favoritism" towards "Hispanic/Mexican inmates" by Defendant Gomez. *Id.* at 4. He further alleges that he has not received his wages from June 1, 2018 to November 19, 2022. *See id.*

In his FAC, Plaintiff claims that from June 1, 2018 to the date he signed his FAC, February 5, 2023, he "still works the same job assignment." ECF No. 10, FAC at 1. The relief Plaintiff seeks in his FAC is a request that this Court "review Plaintiff's job assignment history as a "3rd Watch Porter." *Id.* at 2. He further states that the "allegations of losing his job assignment as a porter are false and untrue." *Id.*

C. Analysis

To state a claim under 42 U.S.C. Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

1. Rule 8

Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim," with "each allegation . . . simple, concise, and direct." *See* Fed. R. Civ. P. 8(a)(2), (d)(1); *Iqbal*, 556 U.S. at 677-78. In addition to the grounds for sua sponte dismissal set forth in 28 U.S.C. Section 1915(e)(2)(B) and 1915A(b), a district court may also dismiss a complaint for failure to comply with Rule 8 if it fails to provide the

defendants fair notice of the allegations against them. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996). Here, Plaintiff's FAC contains no specific factual allegations identifying what any of the named Defendants are alleged to have done and thus, the Court DISMISSES Plaintiff's entire FAC for failing to comply with Rule 8.

### 2. Job and wages

While not at all clear, it appears that Plaintiff may have lost his job as a porter and is seeking an order from this Court reinstating his job position. As the Court informed Plaintiff in its previous Order, the "Due Process Clause does not create a property or liberty interest in prison employment." *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004) (quoting *Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir. 1986)); *Bravot v. Cal. Dep't of Corr.*, No. 05-cv-0113-FCD-GGH, 2006 WL 47398, at *4 (E.D. Cal. Jan. 9, 2006) ("Since plaintiff does not have a constitutional right to a prison job, much less to a particular job, he is not entitled to due process procedural protections prior to being deprived of his work, nor is he constitutionally entitled to any back wages for the loss of that job nor to reinstatement in his old position, which reinstatement he has nevertheless apparently attained at this point.").

Accordingly, the Court DISMISSES Plaintiff's FAC for failing to state a claim upon which relief may be granted.

### D. Leave to Amend

In light of Plaintiff's pro se status, the Court grants him leave to amend his pleading to attempt to sufficiently allege a § 1983 claim if he can and if he wishes to attempt to do so. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

## III.   Conclusion and Orders

Good cause appearing, the Court:

1.  **DISMISSES** Plaintiff's FAC for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. Section 1915A(b)(1) and for failing to comply with Rule 8.

2.  **GRANTS** Plaintiff **forty-five (45)** days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. *Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived.* See S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. Section 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

3.  The Clerk of Court shall mail Plaintiff a court approved civil rights complaint form for his use in amending.

**IT IS SO ORDERED**.

Dated:  February 24, 2023

Hon. Dana M. Sabraw, Chief Judge
United States District Court