UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIE TYLER, CDCR #K-19763<br><br>Plaintiff,<br><br>vs.<br><br>B. GOMEZ; LOPEZ; E. RODRIGUEZ; F. FLORES,<br><br>Defendants. | Case No.: 3:22-cv-1906-DMS-DEB<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A(b)** |

**I. Procedural History**

On December 1, 2022, Plaintiff Claudie Tyler ("Plaintiff"), currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD"), filed this pro se civil rights action pursuant 42 U.S.C. Section 1983 alleging that numerous officials at RJD violated Plaintiff's Eighth Amendment rights from June 1, 2018 to November 1, 2022. *See generally* ECF No. 1, Compl.

/ / /

1

Plaintiff prepaid the initial civil filing fee on January 13, 2023. *See* ECF No. 8. Thus, the Court conducted the required sua sponte screening of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A and found that Plaintiff failed to state a claim upon which relief could be granted. *See* ECF No. 9, Order Dismissing Complaint dated Jan. 20, 2023. However, the Court granted leave to file an amended complaint in order to correct the deficiencies of pleading identified in the Court's Order. *See id.* at 5. On February 7, 2023, Plaintiff filed his First Amended Complaint ("FAC"). *See* ECF No. 10. However, once again, the Court found that Plaintiff failed to state a claim upon which relief could be granted and dismissed Plaintiff's FAC with leave to amend. *See* ECF No. 11, Order Dismissing FAC dated Feb. 24, 2023.

Plaintiff was also cautioned that "Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived." *Id.* at 5 citing S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

On March 13, 2023, Plaintiff filed his Second Amended Complaint ("SAC"). *See* ECF No. 12. In his SAC, Plaintiff no longer names Gomez, Lopez, or Rodriquez as Defendants. *See id.* at 1, 2. Therefore, all claims against these Defendants have been waived. *See Lacey*, 693 F.3d at 928.

**II.   Sua Sponte Screening pursuant to 28 U.S.C. Section 1915A(b)**

A. <u>Standard of Review</u>

As the Court explained in its previous Orders, the Court must conduct an initial review of Plaintiff's SAC pursuant to 28 U.S.C. § 1915A(a), because he is a prisoner and seeks "redress from a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. § 1915A(a). Section 1915A(a) "mandates early review—' before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'"  *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016).  The mandatory screening provisions of § 1915A apply to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee.  *See, e.g. Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000).

"On review, the court shall … dismiss the complaint, or any portion of the complaint," if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (citing 28 U.S.C. § 1915A(b)).  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

B. <u>Plaintiff's Factual Allegations</u>

Plaintiff alleges that he was employed as a "3rd Watch Porter" from June 1, 2018 to November 1, 2022 but "did not receive monthly pay" during this period.  *See* SAC, ECF No. 12 at 4.  Plaintiff alleges Defendant Flores "failed to put Plaintiff's monthly hours to be processed through accounting" which caused Plaintiff not to be paid.  *Id.* Plaintiff claims that the failure to be paid caused him "depression and anxiety." *Id.* at 5. Plaintiff purportedly spoke to Flores "on several occasions about this matter but not was done to resolve [it]."  *Id.*  Plaintiff seeks $250,000 in compensatory damages and $27,000 in punitive damages.  *See id.* at 7.

C. <u>Analysis</u>

To state a claim under 42 U.S.C. Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

1. Job and wages

Plaintiff seeks to hold Defendant Flores liable for violating his Fourteenth Amendment due process rights by allegedly failing to process the hours he worked as a porter and as a result, Plaintiff was not paid for his prison employment. However, as the Court informed Plaintiff in both of its previous Orders, the "Due Process Clause does not create a property or liberty interest in prison employment." *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004) (quoting *Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir. 1986), and citing *Baumann v. Arizona Dep't of Corrections*, 754 F.2d 841, 846 (9th Cir. 1985)); *see also Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997); *Toussaint v. McCarthy*, 801 F.2d 1080, 1094-95 (9th Cir. 1986); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985); *see also Hrbek v. Farrier*, 787 F.2d 414, 416 (8th Cir. 1986) ("There is no constitutional right to prison wages and any such compensation is by the grace of the state."). Plaintiff is unable to demonstrate either a liberty or property interest in his prison employment arising directly under the Fourteenth Amendment.

Accordingly, the Court DISMISSES Plaintiff's SAC for failing to state a claim upon which relief may be granted.

**III.   Conclusion and Orders**

Good cause appearing, the Court:

(1)   **DISMISSES** Plaintiff's SAC on the ground that he has failed to state a claim pursuant to 28 U.S.C. § 1915A.  The Court also **DENIES** Plaintiff leave to amend as futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of ... leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009)

/ / /

/ / /

/ / /

/ / /

(2)     **DIRECTS** the Court of Court to enter judgment for Defendants and close the file.

**IT IS SO ORDERED**.

Dated:  March 17, 2023

                                                                          _____
                                                                          Hon. Dana M. Sabraw, Chief Judge
                                                                          United States District Court